# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|       **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-20115-01-CM-DJW |
| ) | |
| IRENE EQUIGUA, ) | |
| ) | |
|       **Defendant.** ) | |

## MEMORANDUM AND ORDER

Defendant Irene Equigua moves this court for an order directing the United States Marshal's Service to "furnish her with transportation mileage funds and subsistence for her travel from Whittier, California, to Kansas City, Kansas, for her required court appearance in the above-captioned case on January 24, 2012" (Doc. 47). This hearing was subsequently continued until February 1, 2012 (Doc. 51), and Ms. Equigua filed a new motion for transportation funds for the hearing on February 1, 2012 (Doc. 52). She moves under 18 U.S.C. § 4285, which provides that:

> Any judge . . . may, when the interests of justice would be served thereby and the United States judge . . . is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination . . . .

The court finds after appropriate inquiry and good cause shown that Ms. Equigua is financially unable to provide the necessary transportation from Whittier, California, to Kansas City, Kansas, where her appearance is required for a hearing on February 1, 2012, at 9:00 AM. The court further determines that the interests of justice will be served by requiring the United States Marshal for the District of Kansas ("Marshal") to arrange for Ms. Equigua's transportation from Whittier, California,

-1-

to Kansas City, Kansas, or to furnish the fare for such transportation. To the extent Ms. Equigua is specifically requesting transportation mileage funds, the court denies that request. The Marshal has discretion to arrange for means of noncustodial transportation or to furnish the fare for such transportation. Under 18 U.S.C. § 4285, the court will also require the Marshal to provide money for subsistence during transit.

Because Ms. Equigua's appearance is no longer required on January 24, 2012, the court denies her motion for transportation funds for that date as moot.

**IT IS THEREFORE ORDERED** that Ms. Equigua's motion for transportation funds for the February 1, 2012 hearing (Doc. 52) is granted in part and denied in part. The Marshal is directed to arrange for Ms. Equigua's necessary transportation from Whittier, California, to Kansas City, Kansas, or to furnish the fare for such transportation. The Marshal is also directed to provide money for Ms. Equigua's subsistence during transit. Upon receipt of this order, Ms. Equigua shall contact the Marshal to discuss travel arrangements.

**IT IS FURTHER ORDERED** that Ms. Equigua's motion for transportation funds for the January 24, 2012 hearing (Doc. 47) is denied as moot.

Dated this 20th day of January, 2012, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        United States District Judge